# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2024

Lyle W. Cayce
Clerk

No. 23-50805
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Pablo Alcaraz-Juarez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-223-1

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:*

The district court revoked Juan Pablo Alcaraz-Juarez's term of supervised release and sentenced him to 12 months of imprisonment. In his sole issue on appeal, Alcaraz-Juarez contends that the written revocation

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

judgment contains clerical errors. He therefore seeks a remand for correction of the judgment pursuant to Federal Rule of Criminal Procedure 36.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. This rule applies "only to correct mindless and mechanistic mistakes," such as "[w]here the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment." *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (internal quotation marks and citation omitted).

In this case, the record indicates that the district court's written revocation judgment contains clerical errors. At the revocation hearing, Alcaraz-Juarez admitted to the allegations contained in the revocation petition. Nevertheless, the written revocation judgment erroneously states that Alcaraz-Juarez "pled not true to the violations alleged in the petition to revoke supervised release." Moreover, the record reflects that Alcaraz-Juarez's original term of supervised release was ordered on June 10, 2020, and set forth in the judgment entered on June 11, 2020, not on July 24, 2017, and July 31, 2017, as set forth in the written revocation judgment. As the parties agree, the record makes clear that the written judgment incorrectly recorded the noted facts, and thus these clerical errors are subject to correction under Rule 36. *See Cooper*, 979 F.3d at 1088-89.

On the other hand, there is no merit to Alcaraz-Juarez's complaint regarding a third clerical error based on the revocation judgment's statement that the Government filed a petition to revoke his term of supervised release, when in fact his probation officer filed a petition for issuance of a warrant. The Government asserts that the language in the order reflects the district

court's choice to refer to the petition, which was signed and approved by the Government's attorney, in acceptable shorthand terms. Because Rule 36 is not applicable to "deliberate drafting choices," the complained-of discrepancy is not a clerical error subject to correction under Rule 36. *Cooper*, 979 F.3d at 1089.

Based on the foregoing, the judgment is AFFIRMED, and the case is REMANDED for the limited purpose of correcting the noted clerical errors in the judgment. *See* FED. R. CRIM. P. 36.